# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

MOUSTACHE, INC.,

                **Plaintiff,**

v.

MOMO BISTRO CORP. and OUGHLA NARJIS,

                **Defendants.**

**JURY TRIAL DEMANDED**

**Case No.**

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiff Moustache, Inc. ("Moustache" or "Plaintiff"), by its attorneys, for its Complaint against Defendants MoMo Bistro Corp. ("MoMo") and Oughla Narjis ("Narjis") (collectively, "Defendants"), alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Moustache is a New York corporation having a principal place of business at 265 East 10th Street, New York, New York.  Moustache operates several restaurants in the New York City metropolitan area.

2.      Upon information and belief, MoMo is a New Jersey corporation and has a principal place of business at 109 66th Street, Second Floor, West New York, New Jersey.  Upon information and belief, MoMo operates a restaurant named "Uncle Moustache" located at 702 Bloomfield Avenue, Montclair, New Jersey.

3.      Narjis, an individual having a mailing address of 109 66th Street, Second Floor, West New York, New Jersey, is the registered agent of MoMo, and upon information and belief is an officer of MoMo.

4.      This action arises under the Lanham Act, Title 15, and New Jersey common law. Moustache seeks injunctive relief and actual damages, including Defendants' profits and Moustache's costs and attorneys' fees under 15 U.S.C. §1117.

5.      This court has jurisdiction over the matters raised herein pursuant to 28 U.S.C. §1331, 28 U.S.C. §1338(a) and (b), and 28 U.S.C. §1367(a).

6.      Venue in this matter is proper in this district because Defendants regularly do business in this District and pursuant to 28 U.S.C. §1391(b) and (c).

## ALLEGATIONS COMMON TO ALL COUNTS

7.      Moustache owns and claims rights under the trademark MOUSTACHE, for use in connection with restaurant services (the "Mark").

8.      Moustache has operated restaurants serving middle eastern cuisine in New York City under the name MOUSTACHE since 1989.

9.      Moustache filed an application to register its trademark "MOUSTACHE" in the United States Patent and Trademark Office on October 22, 2012, under application serial number 85/760,361 ("the Application").

10.      Defendants' operate a restaurant in Montclair, New Jersey serving middle eastern cuisine and operating under the name "Uncle Moustache" (the "Infringing Mark").

11.      Defendants' use of the Infringing Mark in relation to their restaurant is likely to cause confusion in the marketplace, in that the services provided by Defendants under the Infringing Mark are identical to the services provided by Moustache under the Mark.

12.      Defendants use the Infringing Mark to exploit and misappropriate the goodwill and reputation of Moustache that is based on Moustache's use of the Mark.

13.     In an additional effort to confuse, Defendants have copied substantial portions of Moustache's menu for use in their restaurant, including many nontraditional middle eastern menu items developed by Moustache.

## COUNT I

### Trademark Infringement Pursuant to §32 of The Lanham Act (15 U.S.C. §1114)

14.     Plaintiff adopts, restates and realleges each and every allegation previously set forth in this Complaint as if fully set forth in this paragraph 14.

15.     Moustache is the sole and exclusive owner of the Mark and the Application.

16.     Through the marketing and operation of restaurants serving middle eastern cuisine under the Mark, Moustache, its services and goodwill associated therewith have become well known to the general public and in the restaurant industry.  The Mark distinguishes Moustache, its services and the goodwill associated therewith from that of its competitors.

17.     Defendants' use and continued use of the Infringing Mark in providing substantially similar services, is an infringement of Moustache's well established, trademark rights under U.S. trademark laws and constitutes a violation of federal trademark infringement pursuant to Section 32 of The Lanham Act (15 U.S.C. § 1114).

18.     Defendants' use and continued use of the Infringing Mark is without license from or permission by Moustache.

19.     By the use and continued use of the Infringing Mark, Defendants have caused and will continue to cause confusion in the marketplace and mislead the public into believing that Defendants' services are associated with, or connected to, Moustache, thereby depriving Moustache of the goodwill attached to its services.

3

20.     Defendants' use and continued use of the Infringing Mark in the same industry as Moustache is wrongful, intentional and in deliberate and knowing disregard of Moustache's exclusive ownership rights.  Despite Defendants' direct, actual knowledge of Moustache's Mark, Defendants continue to use the Infringing Mark.

21.     The trademark infringement complained of herein has caused and, unless restrained and enjoined, will cause irreparable harm, damage and injury to Moustache, for which Moustache has no adequate remedy at law.

## COUNT II

### Federal Unfair Competition Pursuant to
### §43(a) of The Lanham Act (15 U.S.C. §1125(a))
### Moustache Marks

22.     Plaintiff adopts, restates and realleges each and every allegation previously set forth in this Complaint as if fully set forth in this paragraph 22.

23.     The Mark, as used by Moustache in connection with its middle eastern restaurants, is inherently distinctive and/or has acquired secondary meaning.

24.     Defendants' use of the Infringing Mark in connection with services identical to those offered by Moustache under the Mark, constitutes infringement of Moustache's rights in the Mark and is likely to create confusion, or to cause mistake, or to deceive as to the origin, sponsorship or approval of Defendants' services by Moustache, in violation of 15 U.S.C. §1125.

25.     Defendants deliberately and knowingly adopted, used and continues to use the Infringing Mark in bad faith, with the intent to trade upon the goodwill established by Moustache, to create confusion in the public mind, and to misappropriate Moustache's rights in the goodwill it has established in the Mark, all to the irreparable injury of Moustache.

4

26.     By reason of Defendants' unlawful activities, Moustache has been and is likely to be damaged, and, unless Defendants' activities are restrained, Moustache will continue to suffer serious and irreparable injury, without a full and an adequate remedy at law.

## COUNT III

### Common Law Unfair Competition
### Moustache Marks

27.     Moustache adopts, restates and realleges each and every allegation previously set forth in this Complaint as if fully set forth in this paragraph 27.

28.     Defendants' use of the Infringing Mark in connection with services and in connection with advertisements used to solicit such services that are identical to the services offered by Moustache under the Mark, without Moustache's consent, is an attempt to pass off Defendants' services as those of Moustache; causes a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of Defendants' services; causes a likelihood of confusion or of misunderstanding as to affiliation, connection or association between Defendants and Moustache; and/or creates a likelihood of confusion or misunderstanding among consumers, generally as between the services of Defendants and those of Moustache, and constitutes unfair competition under the laws of the State of New Jersey.

29.     Defendants have intentionally and willfully engaged in unfair competition in that Defendants adopted, used and continues to use the Infringing Mark with the intent to trade upon the goodwill established by Moustache under the Mark, to create confusion in the public mind, and to misappropriate Moustache's rights and the goodwill it has established, all to the irreparable injury of Moustache.

30.     The acts of Defendants complained of herein constitute inequitable pirating of the fruits of Moustache's labor and are acts of unfair competition in violation of New Jersey

5

common law.  Defendants' acts of unfair competition were done and continue to be done knowingly, intentionally and willfully.

31.     Defendants will continue to engage in unfair competition with Moustache unless enjoined by this Court.

32.     Moustache has no adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE,** Moustache prays that this Court:

(a)     Preliminarily and permanently enjoin, pursuant to 15 U.S.C. §1116, Defendants, their representatives, officers, directors, agents, servants, employees and attorneys and any and all persons in active concert with them from using the Infringing Mark, Moustache's Mark or any variations thereof or any trade name, trademark or service mark confusingly or deceptively similar to the Mark in connection with the promotion, advertising, solicitation, conduct and expansion of Defendants' business or businesses or in particular, in connection with Defendants' middle eastern restaurant in the State of New Jersey and nationally, or otherwise competing unfairly with Moustache;

(b)     Order, pursuant to 15 U.S.C. §1118, Defendants, their representatives, officers, directors, agents, servants, employees and attorneys and any and all persons in active concert with them to deliver to Moustache for destruction, all advertisements, brochures, promotional materials, signs, stationery, business cards, other written material or videotapes, clothing, personal accessories, or any other product or thing which depicts or otherwise disclose the Infringing Mark, or any name or mark confusingly similar thereto;

(c)     Order Defendants, their representatives, officers, directors, agents, servants, employees and attorneys and any and all persons in active concert with them to fully compensate Moustache for the preparation and distribution of corrective advertising;

6

(d)     Order an accounting of all of Defendants' profits derived from infringements, and award to Moustache exemplary damages, attorney's fees and costs therefor;

(e)     Order monetary relief in the amount of any and all profits derived by Defendants from the sale of their services and for all damages sustained by Plaintiff by reason of said acts of infringement and unfair competition complained of herein;

(f)     Order monetary relief in the amount of treble the amount of actual damages suffered by Plaintiff;

(g)     Order monetary relief in the amount of Plaintiff's reasonable attorneys' fees and costs of suit; and

(h)     Award Moustache such other and further relief as this Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff hereby demand a trial by jury on all triable issues.


Dated: December 3, 2012                    Respectfully submitted,

                                           VEDDER PRICE P.C.


                                           By:___ s/ Michael J. Goettig_____
                                                  Michael J. Goettig

                                           Attorneys for Plaintiff Moustache, Inc.
                                           1633 Broadway – 47th Floor
                                           New York, NY  10019
                                           (212) 407-7700
                                           (212) 407-7799 (facsimilie)
                                           mgoettig@vedderprice.com

Of counsel:
  Angelo J. Bufalino
  Jonathan A. Wexler

7